IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARYLIN MONAE PORTER,<br>  AKA LAMONE M. JOHNSON,<br><br>            Plaintiff,<br><br>v.<br><br>JOEL MCCURDY, et al.,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)   CIV-22-23-R<br>)<br>)<br>)<br>)<br>) |

ORDER REQUIRING SERVICE AND SPECIAL REPORT

Plaintiff, a person in custody at an institution in Oklahoma, has filed this action pursuant to 42 U.S.C. § 1983 asserting a violation of his or her constitutional rights while in custody. The Court has conducted a preliminary review of the Complaint and finds that an investigation and report are necessary to develop a record sufficient to ascertain whether there are any factual or legal bases for Plaintiff's claims. *See Hall v. Bellmon*, 935 F.2d 935 F.2d 1106, 1112 (10th Cir. 1991). In compliance with the guidelines set out in *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), the undersigned orders that:

(1) Officials responsible for the operation of the Oklahoma State Penitentiary, located in McAlester, Oklahoma, shall review the subject matter of the Complaint to

    (a) ascertain the facts and circumstances underlying Plaintiff's claims, including any administrative relief sought by Plaintiff;

(b) consider whether the institution(s) or other appropriate officials should take any action to resolve Plaintiff's claims; and

(c) determine whether prior related complaints, either pending in this Court or elsewhere, should be considered together with this Complaint, including whether any previous complaints affect Plaintiff's ability to proceed *in forma pauperis* in light of the "three strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).

(2) Following completion of the review, a written Special Report setting forth the findings shall be compiled. The Special Report shall restate in separate paragraphs the allegations of the Complaint followed by the pertinent information developed by the review. When appropriate, relevant institutional and medical records and relevant policies or procedures shall be included in the Special Report.

(3) The Special Report shall be filed no later than sixty (60) days from the date on which the first Defendant is served with process. When a Defendant agrees to waive service, the date on which the waiver form is sent shall be considered the date of service. *See* Fed. R . Civ. P. 4(d)(4).

(4) In accordance with 42 U.S.C. § 1997e(g)(2), the Court orders Defendant(s) to file an answer or a dispositive motion within sixty (60) days of service.

(5) If a motion to dismiss[1] or motion for summary judgment is filed, Plaintiff is ordered to file a response to the motion within twenty-one (21) days from the date

---

[1] If a Defendant has a reasonable belief that dismissal is warranted exclusively on the pleadings, the Court will entertain a motion to stay the filing of a Special Report.

the motion is filed. *See* LCvR 7.1(g). Failure to respond to the motion within that time period may result in the Court deeming the motion confessed. *Id.*

(6) If a Defendant files a motion that relies on materials not included with the Complaint, such a motion will result in the Court's conversion of the motion to a motion for summary judgment. Fed. R. Civ. P. 12(b)(6), 56; LCvR 56.1.[2]

(7) No discovery shall be served upon any party and the Court will not consider any applications, motions, or requests for discovery relating to the merits of the Complaint until the Special Report has been filed, except as the Court may otherwise order.

(8) Plaintiff must serve this Order, a copy of the Complaint, and a summons issued by the Court Clerk on each Defendant in accordance with Fed. R. Civ. P. 4. Service shall be accomplished as follows:

>(a) The necessary service papers shall be completed by Plaintiff and furnished within twenty-one (21) days from the date of this Order to the Clerk of the Court for processing and issuance;
>
>(b) For a litigant who has been granted leave to proceed *in forma pauperis*, the litigant shall provide the Clerk of the Court with the necessary service papers and sufficient copies of the Complaint to effect service of process on

---

[2] Defendant(s) are advised that a dispositive motion based on the affirmative defense of failure to exhaust administrative remedies is typically considered a motion for summary judgment, governed by the procedural rules applicable to such motions. If appropriate, however, Defendant(s) may seek leave from the Court to file an initial motion for summary judgment based solely upon this affirmative defense and to have the parties' initial discovery, if any, limited to this issue. If disposition of such an initial motion is not dispositive of the entire case, the Court may grant leave, pursuant to LCvR 56.1(a), for Defendant(s) to file a second motion for summary judgment.

each Defendant. Such service will be accomplished by the Court through the United States Marshal's Service. For litigants who are not proceeding *in forma pauperis*, the Clerk of the Court will issue the service papers submitted to the Clerk by the litigant, *see* Fed. R. Civ. P. 4(a)(1)(F) and (G), and return those papers to the litigant;

(c) In either case, Plaintiff must serve each Defendant within ninety (90) days from the date of this Order.[3] Unless service is waived, Plaintiff must ensure that a proof of service of process is filed for each Defendant on or before the expiration of this 90-day period. *See* Fed. R. Civ. P. 4(l), (m).[4]

IT IS SO ORDERED this ___12th___ day of ___January___, 2022.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE

---

[3] The 90-day period for effecting service of process ordinarily runs from the date of the filing of the Complaint. Because Plaintiff's Complaint was subject to initial screening under 28 U.S.C. §1915A and/or §§1915(e)(2), the commencement of the 90-day period for service has been postponed until this date.

[4] Plaintiff is directed to Fed. R. Civ. P. 4(I) for the manner in which he or she must serve the United States and its agencies, officers, or employees.