THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LAMONE M. JOHNSON, | ) | |
| a/k/a Marylin Monae Porter, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-22-23-R |
| | ) | |
| JOEL MCCURDY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, a state prisoner appearing *pro se* filed this action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) the matter was referred to United States Magistrate Judge Gary M. Purcell for preliminary review. On June 13, 2022, Judge Purcell issued a Report and Recommendation wherein he recommended that the Motion to Dismiss (Doc. No. 29) filed by Defendant Utilization Review Committee be granted. (Doc. No. 44). Judge Purcell further recommended that Plaintiff be granted leave to amend her complaint The matter is currently before the Court on Plaintiff's timely Objection to the Report and Recommendation which gives rise to the Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Plaintiff makes specific objection. [Doc. No. 49]. Having conducted this review, the Court finds as follows.

The Utilization Review Committee asserts that it is not a proper party to this action because it is a unit within the Department of Corrections, not a separate entity that is capable of being sued. The motion further argues that the Department, as an arm of the state, is not subject to suit because states and their agencies are not people for purposes of

42 U.S.C. § 1983.[1] In her Objection to the Report and Recommendation Plaintiff complains that Judge Purcell erred because he advised her that Defendant's Motion to Dismiss might be converted to a Motion for Summary Judgment, but then he failed to convert the motion. There is no error in Judge Purcell's order advising Plaintiff of the possibility that the motion, to the extent it relied on materials outside the Complaint, might be converted. However, the language utilized by Judge Purcell in his May 2, 2022 Order was permissive, not mandatory. *See* Doc. No. 30 ("When a dispositive motion is supported by affidavits and/or other documentary evidence, the motion may be converted to one for summary judgment under Fed.R.Civ.P. 12."). The conclusion in the Report and Recommendation that conversion was not necessary does not require or suggest, contrary to Plaintiff's request, that a different magistrate judge should be assigned to preside over this case.

Plaintiff does not directly address Judge Purcell's conclusion that the Utilization Review Committee is not a proper party because it lacks the capacity to be sued.[2] Accordingly, the Report and Recommendation is ADOPTED and the Motion to Dismiss is GRANTED. Plaintiff complains, however, about Judge Purcell's recommendation that she be permitted leave to amend to add "John Doe" or "Jane Doe" defendants because once she identifies such persons by name she would have to amend again. Plaintiff argues that

---

[1] 42 U.S.C. § 1983 provides a cause of action where a "person" acting under color of state law deprives another of her rights. As noted in the Report and Recommendation, neither States, their agencies, nor state officials sued in their official capacities are "persons" for purposes of § 1983 liability. [Doc. No. 44, p. 4].

[2] At page 4 of the Objection Plaintiff asserts that "the magistrate attempts to side with the defendant's agreeing that Plaintiff is suing a 'committee' by citing district court cases" In completing the form complaint Plaintiff identified the Committee as the second Defendant, she did not specifically indicate that she intended to sue the members of the committee individually. Although the Court grants liberal construction to the filings of *pro se* plaintiffs, the Court concurs with Judge Purcell's conclusion that Plaintiff identified the Utilization Review Committee as a party. Accordingly, the Report and Recommendation properly addresses whether the entity is subject to suit.

she did use fictitious names by identifying under the Defendant URC's name, in the space for listing "current job title", "A group of medical doctors ("staff")." [Doc. No. 1, p. 3].[3] Plaintiff asserts that unless he is a mind reader, Judge Purcell could not know whether the use of the phrase "a group of medical doctors" and "staff" was her intended fictitious name.

Whether to amend her pleading is a decision that lies squarely with Plaintiff; however, to avoid confusion and because it is not apparent who Plaintiff is suing but is clear that as a matter of law that the Utilization Review Committee is not a proper party, the Motion to Dismiss is GRANTED, the Report and Recommendation is hereby ADOPTED. Plaintiff is granted leave to amend to more clearly identify the fictitious defendants, using Jane and/or John Doe, and to reflect the change from McCurdy to Fisher. Plaintiff shall file her Amended Complaint within twenty-one days of entry of this Order.

**IT IS SO ORDERED** this 31st day of August 2022.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[3] On April 22, 2022, Judge Purcell granted Plaintiff leave to amend to reflect that Ron Fisher, not Joel McCurdy, is the Chief Medical Officer for the Department of Corrections. Despite having been granted leave, Plaintiff did not file an Amended Complaint within the time limits set forth by Judge Purcell. Accordingly, the operative pleading in this case is the original Complaint. Any Amended Complaint Plaintiff files will supersede her original Complaint, not operate as a supplement. *See Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) (amended complaint "supersedes the original and renders it of no legal effect")(quotation marks and citation omitted).