## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

MARYLIN MONAE PORTER,        )
a/k/a, LAMONE M. JOHNSON,     )
                             )
       Plaintiff,         )
                             )
v.                           )        No. CIV-22-23-R
                             )
JOEL MCCURDY, et. al.,        )
                             )
       Defendants.        )

## ORDER

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 alleging violations of her constitutional rights. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Gary Purcell for review. On September 20, 2022, Judge Purcell issued a Supplemental Report and Recommendation (Doc. No. 70) recommending that Defendant Joel McCurdy's Motion to Dismiss (Doc. No. 38) be granted. The matter is currently before the Court on Petitioner's timely objection to the Report and Recommendation as well as her Motion to Recuse Magistrate Judge Purcell (Doc. No. 75), and her "Motion for Just, Speedy, and Inexpensive Determination" (Doc. No. 80). Upon consideration of the filings, the Court finds as follows.

Plaintiff filed this action in the Eastern District of Oklahoma on October 18, 2021, which transferred the action to this Court. On May 27, 2022, Defendant McCurdy filed a Motion to Dismiss based on Plaintiff's original complaint (Doc. No. 1). Before taking up McCurdy's Motion, the undersigned granted Defendant Utilization Review Committee's Motion to Dismiss on August 31, 2022. In that Order, Plaintiff was granted leave to amend

her complaint within twenty-one days. (*see* Doc. No. 63, at 3). On September 20, 2022—before Plaintiff's deadline to amend expired—Judge Purcell recommended that Defendant's Motion to Dismiss be granted.[1] Unbeknownst to Judge Purcell, however, the Court Clerk's office had received Plaintiff's timely-filed Amended Complaint (Doc. No. 72) the day before. This Amended Complaint, which was filed with leave of Court, became the operable pleading and, therefore, superseded the original complaint. *See Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991).

As a result, Defendant McCurdy's Motion to Dismiss (Doc. No. 38) was rendered MOOT by the filing of the Amended Complaint. Because both Defendant McCurdy's Motion to Dismiss and Judge Purcell's Supplemental Report and Recommendation are based on pleadings that are no longer operable, the undersigned DECLINES to adopt the Supplemental Report and Recommendation (Doc. No. 70) and re-refers the matter to Judge Purcell for further proceedings. Motions previously denied or deemed moot may require the attention of the Magistrate Judge.

As to Plaintiff's Motion to Recuse Magistrate Judge Purcell, disagreements with judicial rulings alone "almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)); *see also Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997) ("[A]dverse rulings cannot in themselves form the appropriate grounds for

---

[1] Despite Judge Purcell's finding that Plaintiff did not timely respond to McCurdy's Motion to Dismiss (*see* Doc. No. 70, at 2), the undersigned finds that Plaintiff timely responded on July 5, 2022, after being granted an extension of time. (*see* Doc. Nos. 43, 47).

disqualification." (internal quotation marks and citation omitted)). Although judges must recuse themselves when their impartiality could reasonably be questioned, they also must not recuse themselves when circumstances do not require it. *See Herrera v. Herbert*, No. 4:19-CV-46 DN, 2022 WL 2982457, at *2 (D. Utah July 28, 2022) (citing *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312-13 (2d Cir. 1988)).

Here, the Court finds that Plaintiff's Motion to Recuse—in which she questions whether Judge Purcell is "biased," or "prejudicial"—is based solely on rulings adverse to her case. These rulings cannot form the basis for questioning Judge Purcell's impartiality. Accordingly, Plaintiff's Motion to Recuse (Doc. No. 75) is DENIED.

As to Plaintiff's "Motion for Just, Speedy, and Inexpensive Determination," the Court has various matters on its docket and is aware of its obligations to litigants. Because this case continues to move forward toward resolution, Plaintiff's Motion (Doc. No. 80) is DENIED.

Pursuant to Plaintiff's request (*see* Doc. No. 80, at 11), the Court Clerk is ordered to mail Plaintiff a copy of the docket sheet for this case, Plaintiff's Amended Complaint (Doc. No. 72), and the "Summons Returned Executed" served on the Utilization Review Committee (Doc. No. 19) and Defendant Joel McCurdy (Doc. No. 33).

**IT IS SO ORDERED** this 11th day of January 2023.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE